Jones, P. J.
A policy of life insurance for $5,000 was issued by the defendant company December 3, 1880, upon the life of Joseph Lucking, payable to his wife, Elizabeth Lucking, within ninety days after due notice and satisfactory proof of his death, or in case she should die before the decease of her husband then the amount of said insurance should be payable to their children or their guardian.
Elizabeth Lucking died December 6, 1913.
Elizabeth and Joseph Lucking had in all five children as. follows: Alexander and Gertrude C., who died in infancy, without issue, on June 30, 1876, and March 31, 1882, respectively; Leo Lucking, who is still living; Joseph Lucking, Jr., who died February 24, 1914, without issue, leaving a widow, Barbara Lucking; and Lawrence Lucking, who died July 11, 1912, leaving three children, one of whom, Homer, died July 16, 1914, and two of whom, William Lucking and DeWitt H. Lucking, are still living.
Plaintiffs allege that on November 27, 1914, in violation of their rights in said policy of insurance, same was cancelled and annulled by the said defendant company upon the written release of the insured, Joseph Lucking, and his son, Leo Lucking, *416 said company then paying to them the sum of $2666.75, in cash, as consideration for the release and'delivering up of said policy of insurance.
William Lucking and DeWitt H. Lucking, infants, by their next friend, and Barbara Lucking, are the plaintiffs, and cross-petitions were filed by the administrators of Joseph Lucking, Jr., Lawrence Lucking, Alexander Lucking and Gertrude C. Lucking. The petition and all of said cross-petitions allege that all of the conditions of the policy of insurance had at the time been performed upon the part of the plaintiffs and cross-petitioners, and that they have been damaged by the action of said defendant company in cancelling and annulling said policy of insurance; said parties claiming that they should have participated in the surrender value thereof, which, instead, was improperly paid in full to said Joseph Lucking and Leo Lucking.
Demurrers were filed by the defendant to plaintiffs’ petition and to the several cross-petitions, and upon argument said demurrers were each sustained and final judgment was entered below in favor of the defendant.
Plaintiffs in error seek reversal of that judgment.
Exhaustive and elaborate arguments have been made in this case as to the question of the respective interests of the parties in this policy and the vested rights that accrue to a beneficiary of such an insurance policy.
The case was decided-upon the technical wording of the policy — that Elizabeth Lucking being dead and Leo Lucking being the only surviving child at the time of the surrender he was the only beneficiary then interested in the policy.
*417 So far as the administrator of Alexander Lucking is. concerned there is no question but that he had no interest at any time in said policy, because it was issued several years after his death.
Gertrude C. Lucking also, who died before her mother, could in no way participate in said policy.
So far as the claim of the administrator of Joseph Lucking, Jr., is concerned, the case of Ryan v. Rothweiler et al., 50 Ohio St., 595, is conclusive, and no interest can be allowed on his behalf.
The claims that are not disposed of by Ryan v. Rothweiler are those made on behalf of the children of Lawrence Lucking, who survived their grandmother, Elizabeth Lucking, and are still living, namely William Lucking and DeWitt H. Lucking.
This court had occasion to look into this question — although it was not there necessary to decide it — in the case of Schuermann, Exrx., v. Twachtman et al., 24 C. C., N. S., 459, wherein it was stated that, in the absence of Ohio decisions, if it were necessary to construe such policy, we should be inclined to follow the rule laid down in the case of Continental Life Insurance Co. v. Palmer, 42 Conn., 60, and other cases there referred to, as carrying out the natural intention of the parties and being- more in accord with the law of descent and distribution. As a matter of principle we see no reason to change that view.
Two unreported cases were referred to in the Schuermann opinion: Frank, Admr., v. Baumann et al., 54 Ohio St., 621, and Dovel v. Dovel et al., 69 Ohio St., 576, which are relied upon here on be *418 half of defendants in error. Both of these decisions are without report other than the statement that they are decided on the authority of Ryan v. Rothweiler.
Certain notes in regard to Frank v. Baumann are published in 35 W. L. B., 59. An examination of the .record, however, in that case, shows that while one of the parties, Bessie Frank, was a granddaughter, occupying a position similar to that of William Lucking and DeWitt H. Lucking in this case, no cross-petition in error was filed in her behalf, and the only error proceeding before the supreme court was that of her mother’s administrator; so that the question in that case as it was presented to the supreme court was strictly within the facts of Ryan v. Rothweiler.
The record of the case of Dovel v. Dovel clearly shows that Lizzie O. Dovel was a grandchild, occupying a position similar to that of William and DeWitt H. Lucking in this case, and there the question was. squarely put to the supreme court in the same manner in which this case is presented to this court. The judgment of the circuit court was there affirmed by the supreme court, adjudging that she was not entitled to participate in the proceeds of the policy.
While the Dovel case, so far as we have been advised, has not been reported in either the circuit court or the supreme court, through the industry of the librarian of The Cincinnati Law Library a published copy of the record and briefs which were used in the supreme court has been made available to this court. We understand, from its repeated declarations, that the attitude of thé supreme court *419 as to the binding force of unreported cases has not been modified, yet in the recent case of Bumiller v. Walker, 95 Ohio St., 344, the following language is used at page 351 of the opinion of the court:
“Ordinarily this court does not regard its unreported cases as judicial authority, for the reason that it is generally impossible to ascertain the concrete legal propositions involved and decided; but where a single question is involved, and that succinctly stated and decided, it cannot be said that such unreported case is wholly without influence.”
This Dovel case having been brought to our attention by the briefs of counsel, and the same question having apparently been the basis of the supreme court’s decision there, we feel bound under the rule of judicial subordination, regardless of any contrary view of the law we might otherwise be inclined to hold.
We therefore hold that no error was-committed by the court below in sustaining the demurrers, and its judgment is therefore affirmed.

Judgment affirmed.

Gorman and Hamilton, JJ., concur.